Garland, J.
delivered the opinion of the court.
[546] This is an action to recover the sum of $397 75, balance of account for services rendered as a physician and surgeon. The defendant resists the payment on the ground that it was the duty of the plaintiff to attend on him without compensation.
It appears the plaintiff is the surgeon of the 4th i-egiment of Louisiana militia. The defendant is a private in an artillery company attached to that regiment. On the 22d of February, 1839, both plaintiff and defendant being on parade, the latter^ in obedience to the command of his proper officer, was loading a cannon, which was fii’ed prematurely, or exploded, and severely wounded him. The plaintiff was immediately called to attend him, and not only did so that day, on the ground, but faithfully attended him afterwards, until the 4th of May following, and by his shill and attention probably saved defendant’s arm from being amputated. The evidence not only establishes the services, but them value. On the part of the defence it is shown by two physicians, who have been surgeons of regiments, that they consider the appointment of regimental surgeon as honorary, and each of them say they have attended a person for a considerable time in nearly or exactly the same situation, and did not suppose they were entitled to charge for their services; and one of them had refused compensation when offered.
The counsel for the defence relies on the custom, which he contends he has proved, and upon the law, which makes it the duty of the plaintiff to have attended on his client.
The first ground of defence, we think, cannot avail him, as he has not proved enough to establish the existence and generality of the custom. 7 La. Kep. 215, 221, 529; nor has he shown it has been generally acquiesced in. 14 Id. 490.
The second ground is more tenable. By the 6th section of the Act, 1834, relative to the militia, pp. 143, 144, a surgeon is a constituent pai’t of every regiment. The 15th section says, surgeons in the militia shall have the same rank as surgeons in the army of the United States. The 17th section assimilates the duties to those of officers of similar rank in the army of the United [547] States; and it is well known that the peculiar duties of surgeons in that service are to attend upon those who may be wounded whilst in the discharge of their duties, and a regular compensation is allowed them by law. We are *701 bound to presume the legislature have some object in view in the creation of every office known to our laws, and if to some officers no compensation is allowed, it is upon the assumption the duties required of them would he so light and irregular that none that would be adequate could be affixed. But when it shall be made known to the legislature that actual and beneficial services have been rendered, we are not at liberty to doubt their disposition to compensate the officers who have performed them.
We think surgeons are appointed for some purpose, and we know of none more appropriate than dressing the wounds of those who have received them whilst obeying the orders of their officers on parade. It is sufficiently hard on a citizen to be taken from his ordinary pursuits to attend to militia duty and suffer the pain from wounds received in consequence, without being compelled to pay all the expenses attending his cure. We believe it was the duty of the plaintiff to attend on the defendant and he must look for compensation to those in whose service he was engaged.
We are not to he understood as coinciding with the plaintiff’s counsel in the extent to which he thinks the principle established may carry us. We do not think the plaintiff is to he physician of the regiment in ordinary cases as well as surgeon, but in cases like the present, his official name indicates his duties as distinctly as we can state them.
The judgment of the commercial court is therefore affirmed, with costs.